UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ALLEN ECKARD,

    Plaintiff,

v.

SCOTT SYMONS,

    Defendant.

Case No. C19-376-RSL-MLP

ORDER DENYING MOTION TO APPOINT COUNSEL

  This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court is Plaintiff's motion to appoint counsel. (Dkt. # 12.) He asserts that the Court should appoint counsel because he cannot afford an attorney, his detention will limit his ability to litigate, and the issues in this case are complex. (*See id.*) Defendant opposes the motion. (Dkt. # 13.) Plaintiff did not file a reply.

  Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the

merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

Plaintiff fails to demonstrate exceptional circumstances at this time. Plaintiff did not address the likelihood of success on the merits, but Defendant argues that Plaintiff has a low likelihood of success because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. Defendant has filed a motion for summary judgment, which is not yet ripe, seeking dismissal of this action for failure to exhaust. Plaintiff did not file a reply brief rebutting this assertion, and the Court concludes he has not shown a likelihood of success on the merits. In addition, Plaintiff appears able to articulate his claims *pro se* given that the legal issues are not particularly complex. Indeed, the issue raised in Defendant's pending motion for summary judgment—exhaustion—is straightforward in terms of both the law and the facts. To the extent Plaintiff claims difficulties developing the factual record and conducting discovery, those issues are not unique to him. If such difficulties were sufficient to establish "exceptional circumstances," nearly every *pro se* prisoner would be entitled to pro bono counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues [warranting appointment of counsel].").

Considering both the likelihood of Plaintiff's success on the merits and his ability to articulate his claims *pro se* in light of the complexity of the legal issues, the Court concludes that Plaintiff has not established exceptional circumstances warranting the appointment of counsel. Accordingly, the Court DENIES his motion to appoint counsel. (Dkt. # 12.)

The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 27th day of June, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge